IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARLOS MONTEMAYOR, | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:21-CV-3555-LMM |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 1:09-CR-551-2-LMM |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| | : | |
| Respondent. | : | |

## ORDER

This matter comes before the Court for consideration of the Final Report and Recommendation (R&R), [Doc. 418], in which Magistrate Judge Regina D. Cannon recommends that Movant Carlos Montemayor's 28 U.S.C. § 2255 motion to vacate his conviction and/or sentence, [Doc. 410], be denied. Movant, through counsel, has filed his objections to the R&R. [Doc. 420].

**I. Background and Legal Standard**

On August 7, 2019, Movant was convicted in this Court pursuant to his non-negotiated plea to counts 1, 2, 4, 5, and 8 of the indictment which charged him with committing drug trafficking and money laundering crimes. [Doc. 371]. The Court accepted the plea and imposed an aggregate sentence of 411 months of

incarceration, id., and imposed a forfeiture of $192,000,000, [Doc. 369]. After the Eleventh Circuit affirmed his convictions, United States v. Montemayor, 815 F. App'x 406 (11th Cir. 2020), Movant filed his § 2255 motion raising two claims of ineffective assistance of counsel.

In the R&R, Judge Cannon concluded that his claim that his counsel was ineffective for advising Movant that he would receive a shorter sentence if he pled guilty and for failing to bring a Spanish-speaking interpreter to their meetings was unavailing because, as determined by the Eleventh Circuit, Movant's guilty plea was knowingly and voluntarily entered, and Movant offered no evidence to support his claims. The Judge Cannon further determined that his claim that his trial counsel was ineffective for failing to preserve for appeal the issue of the disqualification of his counsel of choice, Richard Rice, failed because Movant cannot demonstrate prejudice under the standard adopted in Strickland v. Washington, 466 U.S. 668 (1984).

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## II. Discussion

Movant objects only to the Magistrate Judge's determination that Movant failed to establish a claim of ineffective assistance regarding his counsel's failure to preserve for appeal the issue of the disqualification of his counsel of choice.[1] By way of background, Attorney Rice, before he went into private practice and sought to represent Movant, had served as an Assistant United States Attorney (AUSA) in this District. In disqualifying Rice, this Court found that when he worked for the Government, he had substantial involvement in the investigation that ultimately led to Movant's indictment. See 18 U.S.C. § 207.

The Magistrate Judge Janet F. King, who was the presiding magistrate over this matter at the time, acknowledged that after Movant waived any conflict in proceeding with Rice as his attorney, the Government bore the burden of demonstrating that Rice should be disqualified. Judge King further determined that Movant was entitled to a hearing on the matter. However, the Government and Movant (through counsel) waived the hearing and agreed to proceed on the sworn declarations of Rice and an AUSA who had knowledge of Rice's involvement in the investigation of Movant. After Judge King reviewed the declarations and the record, she determined that Rice must be disqualified pursuant to 18 U.S.C. § 207(a)(1).

---

[1] The Court has reviewed the other portions of the R&R for clear error and finds none.

In his § 2255 motion and his objections, Movant contends that, because the Government had the burden of demonstrating an actual conflict of interest, Judge King could determine that the conflict existed by making credibility determinations based on the declarations when those declarations differed on the issue of whether Rice's involvement as an AUSA in Movant's case was substantial. Movant further argues that, because the Government had the burden of proof, it should have been the one to insist on the hearing, yet the R&R faults Movant for waiving the hearing.

Judge Cannon, however, squarely addressed these arguments by pointing out that Movant never objected to Judge King's (and, later, District Judge William S. Duffey, Jr.'s) credibility determinations based on the declarations while the issue was pending before the Court.  As a result, even if counsel had preserved the issue of Judge King's reliance on the declarations to make her credibility determinations, the Eleventh Circuit would not have granted relief because Movant invited the error by agreeing to (and later failing to object to) the use of the declarations.  [See Doc. 418 at 18-19].  Judge Cannon further noted that Judge King had found that Rice's declaration was contradicted by his own prior sworn statements.  [Id at 20].

A review of the record demonstrates that Judge King found that evidence beyond the declarations showed that Rice had been involved in an investigation of a drug trafficking organization whose operations overlapped with the organization with which Movant was associated, [Doc. 253 at 24-27], and that

4

"Rice's view of the nature of the investigations as relates to representing Defendant now is much too narrow, relies largely on irrelevant events and circumstances, and, as stated, is not supported by the facts," [id. at 27-28]. Indeed, Judge King, herself a former AUSA, viewed much of Rice's declaration with a high degree of skepticism because his assertions simply did not comport with the manner in which criminal investigations are executed or the statutory duties of an AUSA. [E.g., id. at 29-32]. Accordingly, it is clear that Judge King did not reach her findings by weighing the relative credibility of the competing declarations so much as she determined that the record and common sense demonstrated that Rice's assertions in his declarations were not believable. As a result, the Court agrees with Judge Cannon that, even if counsel had properly preserved the issue for appeal, there is no reasonable probability that Movant would have prevailed on that issue before the Eleventh Circuit.

### III. Conclusion

For the foregoing reasons, the Court concludes that Judge Cannon is correct. Accordingly, the R&R, [Doc. 418], is **ADOPTED** as the order of the Court and the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 410], is **DENIED**.

The Court further agrees Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is **DIRECTED** to close Civil Action Number 1:21-CV-3555-LMM.

**IT IS SO ORDERED** this 10th day of  November , 2022.

_____
**Leigh Martin May**
**United States District Judge**